UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DWAYNE ANTHONY COOK                                    CIVIL ACTION

VERSUS                                                              NO. 24-2916

CHRISTOPHER HUDSON AND                          SECTION "R"
INGRAM INDUSTRIES, INC.

## ORDER AND REASONS

Before the Court is a summary judgment motion by defendants Christopher Hudson and Ingram Industries, Inc. (Ingram).[1]  Plaintiff Dwayne Anthony Cook opposes the motion.[2]  For the following reasons, the Court grants the motion.

## I.    BACKGROUND

The record establishes that the undisputed facts are as follows.  On August 31, 2024, Hudson was backing out of a private driveway driving a vehicle for Ingram in the scope of his employment.[3]  Cook was driving down the street, and Hudson's vehicle contacted Cook's vehicle.[4]  Cook sued

---

[1]    R. Doc. 24.
[2]    R. Doc. 42.
[3]    R. Doc. 1-1, at 1.
[4]    *Id.*

1

Hudson and Ingram for injuries allegedly arising from the collision in state court. The defendants removed to this Court on December 19, 2024.[5]

Defendants deposed plaintiff in May 2025.[6] Plaintiff submitted neither an expert report under Fed. R. Civ. P. 26(a)(2)(B), nor summary disclosures of the opinions of his treating physicians under 26(a)(2)(C) before the expert report deadline of October 17, 2025.

Defendants now move for summary judgment. The defendants allege that Cook cannot bear the burden of proving that the car collision was a cause-in-fact of Cook's injuries.[7]

The Court considers the motion below.

## II.    LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court considers the evidence in the record without making credibility determinations or weighing the evidence. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of

---

[5]    *Id.*
[6]    R. Doc. 26-2, at 1.
[7]    R. Doc. 24-1, at 4.

the nonmoving party. *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985). If the record could not lead a rational trier of fact to find for the nonmoving party, there is no genuine dispute of material fact. *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to material admissible in evidence or capable of being made admissible, set out specific facts showing that a genuine issue exists. *See id.* at 324; Fed. R. Civ. P. 56(c)(1)(A), (c)(2)(B). The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for resolution. *See, e.g.*, *id.*

## III.  DISCUSSION

Plaintiff sued defendants for negligence. To establish an action for negligence under Louisiana law, Cook must prove five elements by a preponderance of the evidence: 1) the defendant had a duty to conform conduct to a specific standard; 2) the defendant's conduct failed to conform to that standard; 3) the defendant's conduct was a cause-in-fact of the injury;

4) the defendant's conduct was a legal cause of the injury; and 5) proof of damages. *Campbell v. Orient-Express Hotels Louisiana, Inc.*, 403 So. 3d 573, 580 (La. 2025).

As plaintiff must prove all five elements, the failure of any one element legally entitles defendants to summary judgment. Here, defendants contest that the car crash was a cause-in-fact of Cook's injuries.[8] Defendants contend that plaintiff has not and cannot point to any competent summary judgment material that the car crash was the cause-in-fact of Cook's injuries.[9]

The causation element is one on which Cook would bear the burden of proof at trial. Thus, defendants satisfied their burden by pointing out that the material in the record on causation is insufficient. *See Celotex*, 477 U.S. at 325; Fed. R. Civ. P. 56(c)(1)(B). The burden shifts to Cook, who must, by submitting or referring to material admissible as evidence or capable of being made admissible, set out specific facts showing that a genuine issue exists as to causation. *See Celotex*, 477 U.S. at 324; *see also Stelly v. Dep't of Pub. Safety & Corr.* 149 F.4th 516, 521 (5th Cir. 2025) ("The non-movant cannot satisfy this burden merely by denying the allegations in the opponent's

---

[8]    R. Doc. 24-1, at 1.
[9]    *Id.*

4

pleadings but can do so by tendering depositions, affidavits, and other competent evidence to buttress its claim.") (quoting *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994)).

Cook has not borne his burden. Cook's opposition to the motion for summary judgment neither submits nor points to any material in the record on the issue of causation.[10] Cook has not tendered depositions, affidavits, or any other material to buttress his causation claim. *See Stelly*, 149 F.4th at 521. Instead, Cook has rested on the pleadings while arguing about the meaning of medical records not in the record before the Court. This does not establish a genuine issue of material fact as to causation. *See, e.g.*, *Celotex*, 477 U.S. at 324; *Stelly*, 49 F.4th at 521. Further, Cook has not moved for the Court to defer consideration of the motion on the ground that Cook cannot yet present facts essential to justify its opposition. Fed. R. Civ. P. 56(d)(1), (2).

Cook argues that to grant a motion for summary judgment here is an inappropriate discovery sanction for plaintiff's failure to make expert disclosures.[11] The lack of expert disclosures is not the basis for the Court's order. Instead, the Court looks to Cook's failure to submit or point to

---

[10]    R. Doc. 42.

[11]    R. Doc. 42, at 4.

material capable of being made admissible on the issue of causation and the lack of any such material in the record.

Because Cook has not established a genuine issue of material fact as to causation, Cook cannot bear the burden on an essential element of his claim. Thus, defendants are entitled to summary judgment as a matter of law.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion for summary judgment.

New Orleans, Louisiana, this __9th__ day of December, 2025.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE